UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| MORGAN PRESNELL, TDOC#210482 | ) | |
| | ) | |
| v. | ) | NO. 2:07-CV-211 |
| | ) | |
| PAT HOLLYFIELD (Head Nurse), | ) | |
| BRENDA DOWNES (Major of Facility), | ) | |
| DEBRA CLOYD (Mental Health | ) | |
| Therapist), and BRUCE FILLERS (Nurse) | ) | |

**MEMORANDUM and ORDER**

Morgan Presnell, a state prisoner confined in the Washington County Detention Center (WCDC), has filed this *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B).

Thereafter, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 has

been paid to the Clerk's Office.[1] *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

To ensure compliance with the fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where plaintiff is now confined and to George Little, Commissioner of the Tennessee Department of Correction.

In his complaint and the exhibit attached thereto, plaintiff alleges that Nurse Bruce Fillers falsely accused him of hoarding medication and thereafter, defendant Fillers and Nurse Pat Hollyfield stopped dispensing his mental health medication to him. He further alleges that he has filled out request forms since he arrived at the WCDC to see Debra Cloyd, a mental health therapist, but that she has not seen him—not even when his medications were discontinued. Additionally, he maintains that Major Brenda Downes, who is over the facility and, thus, is responsible for the welfare and treatment of inmates, has done nothing about his medications or about his legal mail being opened outside his presence, despite his written requests regarding these things. Finally, plaintiff contends that defendant Downes has authority to approve grievance forms but does not do so; that the state and federal inmates in the facility are not allowed grievance forms; and (impliedly) that this constitutes a deprivation of an institutional grievance system.

---

[1] Send the payments to:
          Clerk, USDC
          220 West Depot Street, Suite 200
          Greeneville, TN 37743

The Court must now screen the complaint and, if it is frivolous or malicious, fails to state a claim, or names defendants who are immune, it must be dismissed. 28 U.S.C. § 1915A and § 1915(e).

1. <u>Claims against Nurses Pat Hollyfield and Bruce Fillers</u>

Giving this *pro se* plaintiff's pleading the generous construction to which it is entitled, *Haines v. Kerner*, 404 U.S. 519 (1972), the Court infers that he is asserting that, for disciplinary purposes and without consulting the physician, these defendants discontinued his medication prescribed to treat a psychological condition.

The Eighth Amendment is violated when a prison official is deliberately indifferent to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). An Eighth Amendment claim has both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires the plaintiff to show a "sufficiently serious" deprivation. *Id.* The subjective component requires a showing of a sufficiently culpable state of mind—one of deliberate indifference. *Id.*, at 842. Deliberate indifference is illustrated by a prison official who acts or fails to act despite knowledge of a substantial risk of serious harm to an inmate under his care. *Id*.

Plaintiff arguably states an Eighth Amendment claim against defendants Hollyfield and Fillers. *Clark-Murphy v. Foreback*, 439 F.3d 280, 293 (6th Cir. 2006) (finding that a prisoner has a right to medically-necessary psychological treatment under the Eighth Amendment).

### 2. Claims against Debra Cloyd

Far more tenuous is plaintiff's allegation that defendant Cloyd did not come to see him—not even when his medications were stopped, in spite of his numerous requests. Plaintiff depicts this defendant as a "supposed" mental health therapist, but does not identify her as an employee of the WCDC or explain her association with the facility or its inmates. Nor does he indicate that defendant Cloyd is or was his therapist; that she has any legal obligation to address his mental condition; or that she played any role in discontinuing his medication. Without such allegations, no inference of "deliberate indifference" can be drawn and, therefore, no claim has been stated against this defendant.

### 3. Claims against Major Brenda Downes

Similarly, plaintiff's contentions against the last defendant, Major Brenda Downes, do not state a claim. Plaintiff first alleges that defendant Downes is the supervisor of the WCDC and its employees; that it is she who bears responsibility for the treatment and welfare of its inmates at the WCDC; that she has a duty to find out who violated his First Amendment rights; and that (impliedly) she has failed to perform her duty.

To the extent that plaintiff seeks to impose supervisory liability on this defendant, § 1983 liability must be based on more than respondeat superior, or a defendant's right to control employees. *See Taylor v. Michigan Dep't of Corrections,* 69 F.3d 76, 80-81 (6th Cir.1995), *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982). Absent some showing that defendant Downes authorized, approved, or knowingly acquiesced in the

alleged unconstitutional conduct of her employees, plaintiff has failed to state a § 1983 claim against her. *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir.1993)*; Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied*, 469 U.S. 845 (1984).

Plaintiff's next assertion against defendant Downes is that grievance forms may only be delivered to inmates with her approval; that she does not give her approval; and that she (again, impliedly) thereby deprives inmates of a grievance system. Defendant Downes' alleged dereliction or inaction with respect to the grievance forms is not of a constitutional variety. This is so because there is no constitutional right to a grievance system and because a state's creation of a grievance procedure does not create such a right. *Adams v. Rich*, 40 F.3d 72, 75 (4th Cir. 1994). If plaintiff has no right to a grievance system, then clearly he has no right to receive grievance forms.

For the reasons discussed above, the Court finds that plaintiff has failed to state a claim against defendants Cloyd and Downes which would entitle him to relief under § 1983 and hereby **DISMISSES** them from this lawsuit.

However, because plaintiff has stated colorable claims against defendants Hollyfield and Fillers, the Clerk is **DIRECTED** to send him two service packets. (Each packet contains a blank summons and USM 285 form.) Plaintiff is **ORDERED** to complete the service packets and to return them to the Clerk's office within twenty (20) days of the date on this Order. Plaintiff is forewarned that failure to return the completed service packets within the time required could jeopardize his prosecution of this action.

5

When the completed service packets are received, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service upon defendants. Defendants are **ORDERED** to respond to the complaint in the manner and within the time required by the Federal Rules of Civil Procedure.

Lastly, plaintiff is **ORDERED** to inform the Court of any address change within ten (10) days following such change. He is further cautioned that his failure to do so will result in a dismissal of this action for failure to prosecute.

**IT IS SO ORDERED**:

ENTER:

s/ Leon Jordan
United States District Judge